# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JONATHAN NAUGLES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:09CV00332 ERW |
| ) | |
| WELLS FARGO FINANCIAL ) | |
| NATIONAL BANK, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiffs for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiffs are financially unable to pay any portion of the filing fee. As a result, plaintiffs will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from

such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

A court may determine that an action or allegation is "malicious" by referring to objective factors such as the circumstances and history surrounding the filing, the tone of the allegations, and whether probative facts vital to the life of the lawsuit have been alleged. Spencer v. Rhodes, 656 F. Supp. 458, 463 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. Id. at 461-63. When determining whether an action is malicious, the Court need not look only to the complaint before it, but may also look to plaintiff's prior litigious conduct. Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiffs, who are husband and wife, bring this action under several statutory schemes, including Title VII, the Americans with Disabilities Act, the Fair Credit Reporting Act, and the federal Equal Credit Opportunity Act. Defendants are Wells Fargo Financial National Bank (Wells Fargo) and Rothman Furniture Stores, Inc. (Rothman). Plaintiffs allege that they applied for credit from Wells Fargo to purchase furniture from Rothman. Plaintiffs claim that Wells Fargo refused to extend them credit because they are African-American.

Plaintiffs further state in the complaint that they are angry with the banks because the banks took federal bail out money. Plaintiffs say in the complaint, "Well, I feel we should reap the benefits of the Rich Bankers . . . I and my wife have decided to file The Biggest Lawsuit in the Country against Wells Fargo Financial Bank." Plaintiffs seek $1 billion in money damages.

## Discussion

Plaintiffs stated reasons for filing this action, along with plaintiffs' recent litigious conduct, demonstrate that this action is malicious. See Cochran, 73 F.3d at 1316; Spencer, 656 F. Supp. at 463. Plaintiffs admit that their purposes in filing the complaint were to punish the banks for their national conduct and to make themselves rich. These are both improper purposes for filing a federal civil rights lawsuit. And

plaintiffs recently filed two frivolous lawsuits that sought excessive amounts of money damages. See Naugles v. Christian Hosp. and Health Care, 4:09CV159 TCM (E.D. Mo.); Naugles v. Puro, 4:09CV330 DDN (E.D. Mo.). This suggests that plaintiffs are looking to the courts as a new source of income. This conclusion is bolstered by plaintiffs' demand in this case for $1 billion. Considering these factors, the Court concludes that plaintiffs have filed this case for an improper purpose, rather than to vindicate any alleged deprivation of their constitutional rights. As a result, the Court will dismiss this action as malicious. 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is malicious.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 6th Day of March, 2009.

*E. Richard Webber*

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE